On June 27, 1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, Kashiwa and BeNNEtt, Judges.
*1001 “This case comes before the court on plaintiff’s motion for summary judgment, filed October 22, 1974, and defendant’s cross-motion for summary judgment, filed January 6, 1975. The motions were submitted on the briefs, without oral argument of counsel. The record is brief. It is made up of only the pleadings and the respective motions with brief attachments to said motions. Plaintiff’s petition is for the return of the purchase price of $14,499.99 after its purchase of lands allotted to tribe member Florence Ellen Carlson Armstrong Henry Ragsdale (“Florence Carlson”), from the heirs of Florence Carlson, turned defective in that Florence Carlson, presumed dead under the Montana seven-year presumption statute, later turned up alive. The $14,499.99 was paid out of tribal funds in custody of the Bureau of Indian Affairs branch office at plaintiff’s reservation.
“A major issue in the case is whether defendant as trustee of tribal funds did or did not exercise the standard of care required of such trustee under the rules expressed in United States v. Mason, 412 U.S. 391, 398 (1973). In light of plaintiff’s argument by mere footnote reference to the following cases: Estate of Mabel Grace De Marsche, IA-D-25 (September 5, 1968); Estate of Es sun sey, IA-D-16 (December 21, 1967); Estate of Nanapa Coho, IA-1219 (May 14, 1966), as cases of similar nature where presumably deceased Indians reappeared alive, we are of the view that the circumstances in these instances may prove material in the degree of care required under United States v. Mason, supra. These are administrative decisions of the Department of the Interior and the records are not before us.
“The court is also of the view that the records in the two hearings before the Department of the Interior trial examiners, determining (1) that Florence Carlson was dead under the seven-year rule and (2) that she was not dead when she re-appeared, should be made a part of the record in this case. Furthermore, since the record at the present stage of the case is so sparse, both plaintiff and defendant should be permitted to fully develop their respective cases with relation to the standards set in United States v. Mason, supra.
“We hold that at this present stage of the record neither party shows that there is £no genuine issue as to any material *1002 fact and that the moving party is entitled to a judgment as a matter of law.’ Rule 101 (d).
“We conclude that both motions must be denied because there are material issues of fact to be determined and the record as presented is incomplete.
“Issues which may, therefore, arise at trial, inter alia, are: Whether defendant may be in breach of trust under the standards set in United States v. Mason, supra; and whether plaintiff-tribe is estopped under the circumstances to claim a breach of trust by defendant. Denial of both motions for summary judgment will leave plaintiff and defendant free to support their positions with evidence.
“It is, therefore, ordered that the parties’ motions for summary judgment are hereby denied without prejudice; and the case is remanded to the trial division for trial or other appropriate disposition in conformity with this order.”